**SAHAR MALEK LAW, APC**
Sahar Malek, Esq. (SBN:
Sahar@saharmaleklaw.com
424 South Beverly Drive
Beverly Hills, CA 90212
Telephone: (310) 788-3466
Facsimile: (310) 362-0552

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. LYMAN HYDE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SETERUS, INC.,<br><br>Defendant. | Case No.: '18CV0565 MMABLM<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, ET SEQ.);**<br><br>2. **BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This consumer fraud class action is based on Defendant Seterus, Inc.'s ("Defendant" or "Seterus") direct, per se violation of California laws requiring a mortgage lender making loans secured by property located in California, to pay the borrower a minimum of 2% simple interest for money received in advance from the borrower for tax and insurance. Seterus, like many mortgage lenders, require a large percentage of their borrowers to maintain an impound escrow account in connection with their mortgage. Seterus collects in advance from their borrowers' money to pay the property tax and insurance on the property and places it in the escrow account. Seterus then directly pays the property tax and insurance from the escrow account when it becomes due. These additional and significant deposits made by the mortgagor to maintain the escrow account, are the borrowers' funds in which mortgage lenders have use of the funds for investment, and therefore, California law requires that the mortgage lenders, including Seterus pay at least 2% interest on the monies to the borrowers. Civil Code §2954.8(a) mandates that:

> Every financial institution that makes loans upon the security of real property containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest perannum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.
>
> ….
>
> No financial institution subject to the provisions of this section shall impose any fee or charge in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance, or for other purposes relating to such real property, that will result in an interest

rate of less than 2 percent per annum being paid on the moneys so received.

2. However, Defendant systematically and uniformly has adopted a policy to violate California law by refusing to pay the mandated interest to borrowers, thereby enriching itself on the free use of borrowers' escrow funds that Defendant earns interest on. This decision and policy is at odds with other mortgage lenders, such as Wells Fargo Bank, N.A. – which does comply with California law and pays interest on impounded escrow money.

3. Plaintiff questioned Seterus why it did not pay interest on his escrow account or issue a 1099 INT at the end of the year showing how much interest was paid to Plaintiff, Seterus simply stated that they do not issue 1099 INTs to customers who Seterus holds impound accounts, implying no interest on those accounts were paid.

4. This position is in direct contradiction of the passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("the Act") and its new federal preemption provision, the federal agencies and regulators must now make "case-by-case" analyses of a state's laws (or substantively equivalent state laws) on a particular banking practice and their "impact on any national bank that is subject to that law" before issuing regulations preempting the state law. See 12 U.S.C. § 25b(b). To the extent that federal regulators seek to preempt multiple states' laws, the regulators must also first consult with the Consumer Financial Protection Bureau ("Bureau"). Id. Congress has established an arduous path for the making of preemption determinations in an effort to discourage the OCC from making a large number of those determinations on an overbroad scale, in order to better protect the interests of states and consumers. However, upon information and belief, the federal regulatory agencies have not issued such case-by-case analyses nor have they consulted with the Bureau to issue regulations mandating a blanket preemption of multiple states' laws. Therefore, national banks cannot rely on these

**CLASS ACTION COMPLAINT FOR DAMAGES**

antiquated and expired regulations, and the attempts of the agencies to reaffirm its prior broad preemption regulations without complying with the Act are unenforceable.

5. The fact that the Dodd-Frank Act had changed the landscape for all preemption regulations and that Seterus could not rely on these prior regulations was made clear by a Department of Treasury letter to the OCC on June 27, 2011, which stated:

> The notion that the new standard does not have any effect runs afoul of basic canons of statutory construction; it is also contrary to the legislative history, which states that Congress sought to "revise[e] the standard the OCC will use to preempt state consumer protection laws."

6. Furthermore, a "State consumer financial law", as defined by the preemption provision of the Act is one that "directly or indirectly discriminate[s] against national banks." 12 U.S.C. § 25b(a)(2). However, the state law at issue here cannot be said to directly or indirectly discriminate against national banks, as it applies to all financial institutions that issue mortgages, whether organized under California or federal laws. Therefore, the state law cannot be deemed to be preempted. This was further reaffirmed in the recent 9th Circuit decision of Lusnak v. Bank of America, N.A., No. 14-56755 (9th Cir. 2018).

7. Furthermore, this California statute cannot be said to prevent or significantly interfere with Seterus ability to offer mortgages to borrowers. The fact that a large number of mortgage lenders, including the market leader Wells Fargo pays interest, supports that the payment of interest on these escrow accounts does not rise to the level of preventing or significantly interfering with Seterus' ability to offer mortgages to borrowers.

8. Moreover, the Dodd-Frank Act further directly and specifically expresses a policy that consumers should retain the interest gained on their escrow

**CLASS ACTION COMPLAINT FOR DAMAGES**

accounts. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. §1639d(g)(3). This provision makes explicit that Congress intent was permit states to enact and enforce laws that require mortgage lenders to pay interest on impound accounts.

9. This requirement is in line with regulations of the United States Department of Housing and Urban Development ("HUD"), which state that: "[w]here escrow funds are invested, the net income derived from this investment must be passed on to the mortgagor in the form of interest…. in compliance with any state and/or regulatory agency requirements governing the handling and/or payment of interest earned on a mortgagor's escrow account." HUD Handbook 4330.1, Rev-5, §2-5. As the Act does not preempt state laws that afford "greater protection" than federal finance laws (12 U.S.C. § 5551(a)), Seterus is now required to comply with California law.

10. Plaintiff Hyde ("Plaintiff") entered into mortgage contracts with Defendant, wherein, based on the express terms of the contracts, he was required to deposit funds into an escrow account and Seterus would be required to pay interest on the escrow if applicable laws so required. The boilerplate, adhesive and nonnegotiable terms of the mortgage agreements drafted by Defendant included these specific terms. Plaintiff has been paying impounds on his home mortgage for years.

11. Therefore, consistent with the terms of his mortgage contract, Plaintiff has continuously deposited funds into his escrow account which are due every month in an amount that was often more than $238. But he has never received the interest accrued on his funds maintained in the escrow account back from

**CLASS ACTION COMPLAINT FOR DAMAGES**

Defendant, and Defendant has expressly refused to pay Plaintiff interest on these funds as demanded by Plaintiff prior to his filing the lawsuit.

12. Therefore, Plaintiff, for himself and all others similarly situated (i.e., the members of the Plaintiff Class described and defined within this Complaint), brings this action for restitution and reimbursement, equitable injunctive relief and declaratory relief, pursuant to the California Unfair Competition Laws ("UCL"), California Business and Professional Code §17200, et seq.; and breach of contract. For this purpose, Plaintiff herein alleges as follows:

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct business in the State of California, and because Defendant has committed the acts and omissions complained of herein in the State of California.

14. Venue as to Defendant is proper in this judicial district. Seterus is one of the largest mortgage lenders operating in this district, has branches throughout this district, and many of Defendant's acts complained of herein occurred in this district.

## PARTIES

15. Plaintiff Hyde is a resident and citizen of the city of San Diego, California. He purchased a new house in San Diego, and simultaneously entered into a home loan agreement in which Seterus was the servicer.

16. However, Plaintiff has never received from Defendant interest on the monies pre-paid by Plaintiff and held by Defendant for the payment of the taxes and insurance. While the agreement for the mortgage required the creation of escrow accounts and that Plaintiff deposit funds into these escrow accounts, there was no contractual agreement that Seterus would be permitted to withhold the interest accrued on these accounts, and instead required that this

handling of the interest would be pursuant to applicable state and federal laws. California Civil Code §2954.8(a) is an applicable state law. Therefore, Seterus is obligated to comply with this state law, as discussed above, in performing its obligations under the agreements and therefore pursuant to its own contract as well as the specific California law must pay interest on Plaintiff's impound escrow account.

17. Defendant Seterus is one of the nation's leading specialty loan servicing companies. Defendant is a citizen of Delaware. Through numerous branches throughout California and the U.S., numerous mortgage agreements are transferred to Defendant, and upon information and belief, requires a large percentage of its customers in California and many other states to maintain escrow accounts, into which customers deposit significant funds for the payment of property tax and insurance on the property. However, Defendant has systematically and uniformly failed and continues to refuse to pay interest on those funds, in direct, per se violation of state and federal laws.

18. The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.

19. Based upon information and belief, Plaintiff alleges that at all times mentioned herein, each and every defendant was acting as an agent and/or employee of each of the other defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission, and consent of each of the other defendants.

**CLASS ACTION COMPLAINT FOR DAMAGES**

In addition, each of the acts and/or omissions of each defendant alleged herein were made known to, and ratified by, each of the other defendants.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on his own behalf, and on behalf of the following classes, pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3).

21. Plaintiff proposes a California class, as defined as follows:

All mortgage loan customers of Seterus (or its subsidiaries), whose mortgage loan is for a one-to-four family residence located in California, and who paid Seterus money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, and did not receive interest on the amount held by Seterus. Excluded from the above class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

22. Plaintiff reserves the right under Rule 23 to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues, based on the results of discovery.

23. **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. The number of mortgages held by Defendant number in the hundreds of thousands or more throughout California, which is a reflection of the number of putative Class members in this action. Inasmuch as the class members may be identified through business records regularly maintained by Defendant and its employees and agents, and through the media, the number and identities of class members can be ascertained. Members of the Class can be notified of the pending action by e-mail, mail, and supplemented by published notice, if necessary;

24. **Existence and Predominance of Common Question of Fact and Law** – There are questions of law and fact common to the Class. These questions

predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

   a. Whether Defendant has systematically engaged in a conduct that is a *per se* violation of state and federal laws with respect to the disbursement of the interest accrued on escrow accounts back to the customers;
   b. Whether Defendant's conduct breached the mortgage agreements with customers;
   c. Whether Defendant must provide damages, restitution and/or reimbursement to borrowers in the amount of unpaid interest on funds held in impound escrow accounts based on the causes of action asserted herein; and
   d. Whether injunctive relief is appropriate to prohibit Defendant from engaging in this conduct in the future

25. **Typicality** – The claims of the representative Plaintiff are typical of the claims of each member of the Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendant's violations of the laws, as alleged herein. The representative Plaintiffs and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

26. **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

27. **Predominance and Superiority** – This suit may be maintained as a class action under because questions of law and fact common to the Class predominate over the questions affecting only individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

28. The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class members setting forth the subject and nature of the instant action. Upon information and belief, Defendant's own business records and electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, the Class Plaintiffs would contemplate the use of additional media and/or mailings.

29. In addition to meeting the prerequisites of a Class Action, this action is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

a. Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

  i. Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

  ii. Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

b. The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

c. Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

  i. The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

  ii. The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

**CLASS ACTION COMPLAINT FOR DAMAGES**

   iii. The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

   iv. The difficulties likely to be encountered in the management of a Class Action.

### First Cause Of Action
### Violation of California Business & Professions Code § 17200, et seq. – Unfair Business Practices Act

30. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

31. The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. The Act also provides for injunctive relief, restitution, and disgorgement of profits for violations.

32. Defendant's unlawful, unfair, and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to the following. Defendant has and continues to engage in a practice of failing to pay interest to its borrowers on impound escrow account, as required by the laws of California, and other states, thereby illegally profiting from the use of interest free funds in hundreds of thousands of mortgage accounts. This is a per se violation California Civil Code §2954.8 and 15 U.S.C. §1639d(g), and contravenes the declared legislative policy espoused in the HUD regulations as set forth in HUD Handbook 4330.1, Rev-5, §2-5.

33. Defendant's practice is also unfair since it has no utility and, even if it did, any utility is outweighed by the gravity of harm to Plaintiff and the Class members. Defendant's practice is also immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.

34. Plaintiff and the Class members, and each of them, have been damaged by said practices. Pursuant to California Business and Professions Code §§ 17200

and 17203, Plaintiff, on behalf of himself and all others similarly situated, seek relief as prayed for below.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

35. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

36. Defendant was bound by the mortgage agreements with Plaintiff and the Class, and was signatories thereto.

37. Plaintiff, and all others similarly situated, did all, or substantially all, of the significant things that the agreements required them to do.

38. Meanwhile, Defendant failed to perform the express terms of the agreements that stated Defendant would comply with applicable state and federal law, which included the state and federal law that mandated Defendant pay interest to borrowers for funds collected on an impound escrow account. As such and as set forth above, Defendant breached an express term of the agreements.

39. As a result, Plaintiff and the Class members have been harmed by Defendant's breach of contract.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court to grant Plaintiffs and the Class members the following relief against Defendant:

1. An order certifying that the action may be maintained as a Class Action as defined herein and appointing Plaintiff and his counsel of record to represent the defined Class;

2. An order enjoining Defendant under California Business and Professions Code §§ 17203:

a. To cease such acts and practices declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

b. To disgorge all profits and compensation improperly obtained by Defendant as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition; and

3. For damages under the causes of action for breach of contract;

4. For reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure § 1021.5, and other statutes as may be applicable, as well as provided by the contracts;

5. For prejudgment interest to the extent allowed by law;

6. For costs of suit incurred herein;

7. For such other and further relief as the Court deems appropriate.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: March 19, 2018                              **SAHAR MALEK LAW, APC**

                                                  By: /s Sahar Malek
                                                      Sahar@saharmaleklaw.com
                                                      Sahar Malek
                                                      *Attorney for Plaintiffs*

**CLASS ACTION COMPLAINT FOR DAMAGES**